IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROBERT RAMIREZ, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | Civil Action No. 3:16-CV-00694-C |
| § | |
| UNITED OF OMAHA LIFE INSURANCE § | |
| COMPANY, § | |
| § | |
| Defendant. § | |

FIRST AMENDED COMPLAINT

Plaintiff Robert Ramirez, for his First Amended Complaint against United of Omaha Life Insurance Company, would show as follows:

Parties, Jurisdiction and Venue

1. Plaintiff is an individual.

2. Defendant is a corporation and, on information and belief, may be served through its registered agent for service of process in Texas, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701 -3218.

3. Jurisdiction is proper on the ground of the existence of a federal question under 28 U.S.C. § 1331 based on Plaintiff's claim under the Employee Retirement Income Security Act, 29 U.S. C. §1001 et seq. ("ERISA").

4. Venue is proper.

Facts

5.    Plaintiff has been and remains employed with MS International, Inc., and through such employer, covered by a group life and accidental death and dismemberment and life insurance policy (the "Policy") issued and administered by Defendant.  The Policy provides for a benefit to Plaintiff of $250,000 for a "Loss of Sight" in one eye ("one-lost-eye-benefit") due to "Accident."  Under the Policy, Loss of Sight is defined as the "total and permanent loss of the sight of the eye. The loss of sight must be irrecoverable by natural, surgical or artificial means." Under the Policy, "Accident" is defined as a

> "sudden, unexpected, unforeseeable and unintended event, independent of Sickness and all other causes. Accident does not include Sickness, disease, bodily or mental infirmity or medical or surgical treatment thereof, bacterial or viral infection, regardless of how contracted. Accident does include bacterial infection that is the nature of foreseeable result of an accidental external bodily Injury or accidental food poisoning."

Under the Policy, "Sickness" is defined as "a disease, disorder or condition, which requires treatment by a Physician."

6.    Plaintiff lost his sight in his right eye due to a sudden, unexpected, unforeseeable and unintended event, occurring no earlier than November 2013 but without manifesting itself until January 2014, of contact with a fungus, neither a bacterial nor viral infection, nor a disease, disorder, condition or bodily or mental infirmity. After the near-total loss of sight in his right eye as of early March 2014, it was determined as of late September or early October 2014 that the near-total loss of sight was due to contact with a fungus and could not be recovered by natural, surgical or artificial means, and subsequently in October 2014,

Plaintiff's right eye was enucleated, and Plaintiff timely made a claim under the Policy for the one-lost-eye benefit on December 8, 2014.

7. By letter dated February 4, 2015, Defendant denied the one-lost-eye-benefit under the Policy to Plaintiff.

8. By letter dated April 8, 2015, Plaintiff appealed Defendant's February 4, 2015 denial of the one-lost-eye benefit under the Policy.

9. By letter dated June 18, 2015, Defendant reiterated its February 4, 2015 denial to Plaintiff of the one-lost-eye benefit under the Policy.

10. In the June 18, 2015 denial of the one-lost-eye benefit under the Policy to Plaintiff, Defendant improperly relied upon a standard of benefit entitlement different than that provided under the governing policy and improperly ignored Plaintiff's documentation evidencing the origin of Plaintiff's loss of his right eye.

11. In connection with its disposition of the claim of Plaintiff under the Policy, including its denial of benefits to Plaintiff by its June 18, 2015 denial, Defendant engaged in conduct not consistent with its fiduciary duty to Plaintiff under ERISA and in violation of provisions of ERISA and regulations promulgated pursuant to ERISA, including Section 1133(2) of ERISA, requiring that a participant whose claim for benefits has been denied be afforded a reasonable opportunity for a full and fair review by the appropriate named fiduciary of the decision denying his claim, one or more of the requirements of 29 CFR 2560.503-1(b)(5) that benefit claim determinations be made in accordance with governing plan documents and that plan provisions be applied consistently with respect to similarly situated claimants, the requirements of 29 CFR 2560.503-1(g) as to the content of any adverse

benefit determination, the requirement of 29 CFR 2560.503-1(h)(2)(iv) that a fiduciary take "into account all comments, documents, records and other information submitted by the claimant relating to the claim without regard to whether such information was submitted or considered in the initial benefit determination" and the requirements of 29 CFR 2560.503-1(j) as to the manner and content of a benefit determination on review.  Defendant may have also violated the requirement of 29 CFR 2560.503-1(h)(3)(iii) that any medical judgment must be the result of consultation with a health care professional with appropriate training and experience in the field of medicine involved in the medical judgment, the requirement of 29 CFR 2560.503-1(h)(3)(iv) that any medical expert whose advice was obtained in connection with an adverse benefit determination by identified without regard to whether the advice was relied upon in making the benefit determination and the requirement of 29 CFR 2560.503-1(h)(3)(v) that any health care professional consulted in connection with any adverse benefit determination be an individual  who was not consulted with the adverse benefit determination that was the subject of the appeal, nor a subordinate of such individual.

      12.    Based on the terms of the Policy, Defendant's denial of coverage and benefits is subject to de novo review and, so reviewed, must be determined to have been wrong, Alternatively, based on Defendant's violation of one or more requirements of 29 CFR 2560.503-1, Defendant's denial of benefits is subject to de novo review and, so reviewed, must be determined to have been wrong. Alternatively, based on the application, pursuant to 29 U.S.C. § 1144(b)(2)(A), of Section 1701.062 of the Texas Insurance Codes, and Title 28, Part 1, Chapter 3, Subchapter M, Rules 3.1201(c), 3.1202 and 3.1203 of the Texas Administrative Code, 28 Texas Administrative Code 3.201 et seq., Defendant's denial of

FIRST AMENDED COMPLAINT – Page 4

benefits is subject to de novo review and, so reviewed, must be determined to have been wrong. Again in the alternative, in the event Defendant's denial of benefits is subject to review only for abuse of discretion, Defendant, to the extent of any discretion, abused such discretion.

Claim

13.     For his first cause of action, Plaintiff would show that Defendant wrongfully denied him the one-lost-eye benefit under the Policy. Defendant is accordingly liable under Section 1132(a)(l)(B) of ERISA to Plaintiff for $250,000, prejudgment interest thereon and his attorney's fees and expenses and costs of court.

14.      For her second cause of action, Plaintiff would show that Defendant is entitled to additional equitable relief, or alternative equitable relief, under Section 1132(a)(3) of ERISA.

Alternative Relief

15.     In light of Defendant's violation of one or more requirements of 29 CFR 2560.503-1, remand of Plaintiff's claim against Defendant for further administrative review may be appropriate prior to full adjudication by this Court of Plaintiff's claim, and Plaintiff accordingly reserves the right to seek remand.

WHEREFORE, Plaintiff prays this Court grant him judgment against Defendant for all appropriate relief.

                Respectfully submitted,

                /s/ Robert E. Goodman, Jr.
                Robert E. Goodman, Jr.
                State Bar No. 08158100
                reg@kilgorelaw.com
                Kilgore & Kilgore, PLLC
                3109 Carlisle Street
                Dallas, Texas 75204
                (214) 379-0823
                (214) 379-0840 (telecopy)

                COUNSEL FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served in accordance with the Federal Rules of Civil Procedure on April 4, 2016 to the following:

Linda.wills@wilsonelser.com
Marjorie.Cohen@wilsonelser.com
Linda P. Wills
Marjorie Cohen
Wilson, Elser, Moskowits, Edelman & Dicker, LLP
909 Fanin, Suite 3300
Houston, Texas 77010

                /s/ Robert E. Goodman, Jr.
                Robert E. Goodman, Jr.